**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DEBRA S. GIPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-647-TLW** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# OPINION AND ORDER

Plaintiff Debra S. Gipson seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), and Fed. R. Civ. P. 73, the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 15). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor

substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a forty-nine year old female, completed her application for Title II benefits on May 24, 2011. (R. 108-10). Plaintiff alleged a disability onset date of September 22, 2010. (R. 108). Plaintiff claimed that she was unable to work due to "COPD, nerve damage in back, neck condition, shoulder condition, leg condition, high blood pressure, [and] osteoarthritis." (R. 127). Plaintiff's claims for benefits were denied initially on June 27, 2011, and on reconsideration on October 10, 2011. (R. 51, 55-59; 52, 65-67). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on March 5, 2012. (R. 23-50). The ALJ found that plaintiff was unable to perform her past relevant work, but that other jobs existed in significant numbers that plaintiff could perform. Therefore, the ALJ issued a decision on April 19, 2012, denying benefits and finding plaintiff not disabled. (R. 6-19). The Appeals Council denied review, and plaintiff appealed. (R. 1-4; Dkt. 2).

### The ALJ's Decision

The ALJ found that plaintiff's last insured date was December 31, 2015. The ALJ found that plaintiff had not performed substantial gainful activity since her alleged onset date of September 22, 2010. (R. 11). At step two, the ALJ found that plaintiff had the severe impairments of "history of left shoulder arthropathy, chronic obstructive pulmonary (COPD) disease in smoker, and history of neck and back pain." Id. After analyzing the "paragraph B" criteria for mental impairments, the ALJ determined that plaintiff's "medically determinable

mental impairments" of depression and anxiety were non-severe because they caused no more than a minimal limitation in her ability to "perform basic mental work activities." (R. 12).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal a listed impairment. (R. 13). After reviewing plaintiff's testimony, the medical evidence, and other evidence in the record, the ALJ concluded that plaintiff retained the RFC to:

> perform the full range of light work as defined in 20 CFR 404.1567(b). She can occasionally lift and or/carry [sic] 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk at least 6 hours out of an 8-hour workday, and sit at least [sic] hours out of an 8-hour workday, all with normal breaks. She must avoid work above shoulder level, and avoid concentrated exposure to dust or fumes.

Id. At step four, the ALJ found that plaintiff was unable to perform her past relevant work as a nurse aide because it exceeded the light exertional level. (R. 17). At step five, the ALJ found that plaintiff could perform the light jobs of fruit cutter and screw eye assembler, and the sedentary jobs of call out operator and touch-up screener. (R. 18-19). Because he found that other work existed that plaintiff could perform, the ALJ determined that plaintiff was not disabled since her alleged onset date. (R. 19).

## ANALYSIS

On appeal, plaintiff raises two similar issues: (1) that the ALJ's RFC determination was not based upon substantial evidence; and (2) that the ALJ's decision is based on an incomplete hypothetical question presented to the vocational expert. (Dkt. 19 at 3).

### Residual Functional Capacity

Plaintiff argues that the ALJ failed to consider her need for supplemental oxygen in formulating plaintiff's RFC. (Dkt. 19 at 4-5). The Commissioner responds by attempting to supply missing reasoning for the ALJ's failure to include any discussion regarding plaintiff's

diagnosed COPD and prescribed use of oxygen. (Dkt. 20 at 4-6). The Court agrees with plaintiff's argument.

At step four, the ALJ must determine plaintiff's residual functional capacity, which reflects the most a claimant can do despite her limitations. See 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. The ALJ must consider all of a claimant's medically determinable impairments, whether they are severe or not severe. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). The Tenth Circuit has held that "failure to consider all of the impairments is reversible error." Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2006). The residual functional capacity findings "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p.

Here, the ALJ listed "chronic obstructive pulmonary (COPD) disease in smoker" as a severe impairment, and stated that he considered whether plaintiff's impairments met or medically equaled any listed impairment, including "3.00, *et. seq.*, Respiratory." (R. 11, 13). The ALJ included a limitation that plaintiff needed to "avoid concentrated exposure to dust or fumes" in his RFC assessment. Additionally, the ALJ noted in his summary of plaintiff's testimony that upon release from hospitalization in December 2011, she was prescribed oxygen, and that she "coughs continuously, and at times cannot stop." (R. 14). However, beyond this brief testimonial summary, the ALJ does not discuss plaintiff's records of respiratory problems. (R. 13-17). The ALJ does discuss plaintiff's remaining medical records in accurate detail.

The only mention of plaintiff's respiratory issues at all in the ALJ's RFC determination is a single sentence that "[s]he denied any respiratory status problems" in progress notes from Tulsa Pain Consultants. (R. 15). A review of Tulsa Pain Consultants' records shows that plaintiff

was routinely asked about pulmonary function because she was using a prescribed Fentanyl pain patch. (R. 296-307). Serious side effects of this patch include "difficult or labored breathing" and "rapid breathing." See http://www.drugs.com/sfx/duragesic-side-effects.html, (last visited March 4, 2015.)

Plaintiff brought a portable oxygen tank to the March 5, 2012 hearing. The ALJ noted the tank and confirmed that plaintiff was prescribed oxygen. (R. 28). The ALJ held the record open for 10 days after the hearing for plaintiff to submit records from her December 2011 hospital stay for COPD. (R. 25, 49). Plaintiff's attorney submitted the records within the 10 day time frame, therefore, they were before the ALJ for review, yet he failed to discuss them at all. (R. 9-19; 308-340).

Due to the ALJ's omission of any discussion regarding plaintiff's COPD and prescribed oxygen use, the Court is unable to follow his reasoning in determining that "given the claimant's history of degenerative disc disease of the cervical spine and left shoulder arthropathy by history and COPD," she would be able to perform work as limited by her light RFC. Therefore, this case must be remanded to the Commissioner with instruction to discuss plaintiff's COPD records, including her prescribed oxygen use, and how those records support his RFC of light work.

**Hypothetical**

This allegation of error is very similar to plaintiff's RFC argument. Because the Court determined that the ALJ's RFC determination is not based on the entire record, this issue may also be reconsidered on remand.

**CONCLUSION**

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is **REVERSED and REMANDED** for further proceedings. Specifically, the ALJ should discuss

plaintiff's COPD records and oxygen use and reconsider any other aspects of the Decision as appropriate.

SO ORDERED this 5th day of March, 2015.

T. Lane Wilson
United States Magistrate Judge